Filed 4/27/21  P. v. Schockner CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANFRED SCHOCKNER,<br><br>Defendant and Appellant. | B307351<br><br>(Los Angeles County<br>Super. Ct. No. NA063580-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge. Affirmed.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Manfred Schockner appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  No arguable issues were identified by Schockner's appointed appellate counsel after her review of the record.  We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Schockner in a supplemental brief.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidence at Schockner's 2007 trial for the murder of his wife Lynn established that Schockner had hired Frankie Fidel Jaramillo to arrange for the crime and, at Schockner's direction, Jaramillo hired Nicholas Alexander Harvey to kill Lynn and to stage the murder to look like it had occurred during a burglary.  Harvey killed Lynn on November 8, 2004 but was taken into custody by the police as he was attempting to flee.  On September 7, 2007 the jury found Schockner guilty of first degree murder (§ 187, subd. (a)), and found true the special-circumstance allegation pursuant to section 190.2, subdivision (a)(1), that the murder "was intentional and was carried out, aided and abetted, solicited, requested, assisted by the defendant for financial gain."  The trial court sentenced Schockner to an indeterminate state prison term of life without parole.  We affirmed the judgment on appeal.  (*People v. Schockner* (Nov. 8, 2010, B204578) [nonpub. opn.].)

On June 5, 2020 Schockner, representing himself, filed a petition for resentencing under section 1170.95 and asked the superior court to appoint counsel to represent him.  In his petition Schockner asserted his conviction was "based on false

---

[1]     Statutory references are to this code.

2

evidence and testimony" and new evidence showed "he lacked intent for financial gain murder." According to Schockner, he "was not present during the killing [and] the prosecution['s] . . . theory of motive is compromised by the use of false evidence and there was no direct evidence shown at trial that [he] instructed or solicited/induced . . . Jaramillo and Harvey to commit the crime." He contended Jaramillo and Harvey had used him as "their scapegoat."

The superior court denied the petition on June 22, 2020. Referring to our opinion affirming Schockner's murder conviction on direct appeal, the superior court ruled Schockner "has utterly and completely failed to meet his burden. It is abundantly clear, based on the evidence adduced at the trial, that Schockner instigated, planned, and perpetrated the murder of his wife for financial gain. To suggest otherwise is mere sophistry."

Schockner filed a timely notice of appeal.[2]

## DISCUSSION

1. *Senate Bill No. 1437, the Section 1170.95 Petition Procedure and the Right To Counsel*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly limited the felony-murder exception to the malice requirement for murder. (See, e.g., *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 236,

---

[2]    Schockner's request for judicial notice, filed April 15, 2021, is denied as unnecessary since all of the items are already included in the appellate record.

review granted Mar. 10, 2021, S266652; *People v. Bascomb* (2020) 55 Cal.App.5th 1077, 1080.)

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Gentile, supra,* 10 Cal.5th at p. 859.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), prescribes a process for the court to determine whether to issue an order to show cause and hold an evidentiary hearing to consider if the murder conviction should be vacated and the petitioner resentenced on any remaining counts. The superior court properly proceeds under subdivision (c) in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95— that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; accord, *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95,

subdivision (c), contemplates only one prima facie review before an order to show cause issues].)

As to the first step, we explained in *Verdugo*, "[B]ecause a petitioner is not eligible for relief under section 1170.95 unless he or she was convicted of first or second degree murder based on a charging document that permitted the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine (§ 1170.95, subd. (a)(1), (2)), the court must at least examine the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment.  Based on a threshold review of these documents, the court can dismiss any petition filed by an individual who was not actually convicted of first or second degree murder.  The record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189."  (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330, review granted.)

A petitioner is entitled to appointment of counsel, we held, only if the superior court does not determine he or she is ineligible for relief as a matter of law at this first subdivision (c) prima facie review.  (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, review granted; accord, *People v. York* (2020) 54 Cal.App.5th 250, 262-263, review granted Nov. 18, 2020, S264954; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1140, review granted Mar. 18, 2020, S260598.)  The court in *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted, disagreed that section 1170.95, subdivision (c), contemplates two separate steps and held a

5

petitioner is entitled to counsel upon the filing of a facially sufficient petition for relief that requests counsel be appointed. (*Cooper*, at p. 123.) We do not find persuasive the *Cooper* court's interpretation of section 1170.95, subdivision (c). Unless we receive different instructions from the Supreme Court, we adhere to the analysis set forth in *Verdugo* and the cases that have followed it.

### 2. *The Superior Court Properly Ruled Schockner Is Ineligible for Relief as a Matter of Law*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Schockner on appeal. After reviewing the record, counsel filed an opening brief raising no issues. Appointed counsel advised Schockner on March 15, 2021 that he could personally submit any contentions or issues he wanted the court to consider. We provided a similar notice to Schockner.

On April 15, 2021 we received a 12-page supplemental brief from Schockner in which he concedes he was convicted of first degree murder with a finding the murder was intentionally committed for financial gain, but argues the superior court erred by failing to appoint counsel for him based on his filing of a facially sufficient petition and by summarily denying his petition on the ground he was ineligible for relief as a matter of law without providing an opportunity for him to submit evidence not presented at his trial that he contends would disprove the jury's finding he had hired Jaramillo and Harvey to kill his wife.

As discussed, we rejected both of these contentions in *Verdugo*, *supra*, 44 Cal.App.5th 320, review granted. Schockner's record of conviction unquestionably established he was convicted

6

of first degree murder as a direct aider and abettor, a ground that remains valid notwithstanding Senate Bill 1437's amendments to sections 188 and 189.  The superior court properly reviewed the available record of conviction, including our opinion affirming the conviction on direct appeal, to determine Schockner was ineligible for relief as a matter of law and did not err in summarily denying his petition without appointment of counsel.

Because no cognizable legal issues have been raised by Schockner's appellate counsel or by Schockner or identified in our own independent review of the record, the order denying his petition for resentencing pursuant to section 1170.95 is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order denying Schockner's petition for resentencing is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.



FEUER, J.

7